UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| STEPHEN KOSTECKI, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | Cause No. 4:14-CV-695 JCH |
| THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, and | ) | |
| ANHEUSER BUSCH COMPANIES, INC., | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff Stephen Kostecki's ("Kostecki") Motion for Leave to Conduct Discovery, filed August 13, 2014. (ECF No. 17). The Motion has been fully briefed and is ready for disposition.

Kostecki initiated this action by filing a Complaint on April 4, 2014 against Defendants Prudential Insurance Company of America ("Prudential") and Anheuser Busch Companies, Inc. ("AB") (collectively "Defendants"). The Complaint centers around a group life insurance plan ("Plan") in which Kostecki, a former employee of AB, was enrolled. (Complaint, ECF No. 1, ¶¶ 1, 5) "The Plan is an employee benefit plan governed by [the Employee Retirement Income Security Act of 1974 ("ERISA")]. AB is the plan administrator. [Prudential] was responsible for both determining and paying claims under the Plan." *Id.* ¶¶ 5-6. Kostecki stopped working around October 1, 2007 because of an alleged sickness or injury that rendered him totally disabled. *Id.* ¶¶ 16, 17. After being granted Social Security disability benefits on or about January 12, 2012, Kostecki submitted a claim "for benefits under the Plan on or about February

18, 2012." *Id.* ¶¶ 19, 20. That claim was denied because it "was submitted beyond the 36 month deadline to do so." *Id.* ¶ 20.

Count 2 of the Complaint seeks recovery of the benefits Kostecki alleges he was incorrectly denied. (Complaint, ¶¶ 14-22). In addition to requesting review of the benefits denial, Kostecki alleges that Defendants acted wrongfully in ways that violated both the terms of the Plan and various provisions of ERISA. In Count 1, Kostecki alleges that "[t]he terms of the Plan provided require Prudential to give AB an Employee's Certificate to give each insured employee" and that "[n]either AB nor Prudential has provided [Kostecki] a copy of his Employee's Certificate as required by the plan." *Id.* ¶¶ 11, 12. Kostecki claims that this alleged failure gives rise to civil penalties. *Id.* ¶ 13. In Counts 3 and 4, Kostecki alleges that he is entitled to equitable relief under 29 U.S.C. § 1132(a)(3) because AB and Prudential violated various ERISA provisions and breached their fiduciary duties. *Id.* ¶¶ 23-41. In Count 5, Kostecki brings an equitable estoppel claim against the Defendants based on the allegation that they "materially misrepresented the terms of the Plan and misled [Kostecki] by failing ever to disclose, remaining silent with respect to, and/or intentionally concealing from [Kostecki], the Plan's 36 month notice requirement, despite a duty arising out of ERISA to disclose such crucial Plan information to [Kostecki]." *Id.* ¶ 43. In this Motion, Kostecki seeks discovery in relation to his equitable claims. (Support Memo, ECF No. 17-1, at 3).

When reviewing the denial of benefits under an ERISA plan, "the general rule is that review is limited to evidence that was before the administrator." *Atkins v. Prudential Ins. Co.*, 404 Fed. App'x 82, 84 (8th Cir. 2010) (internal quotation marks omitted). In other words, discovery of information outside of the administrative record is generally not allowed. As several district courts have noted, however, this limitation on discovery does not apply to claims

involving ERISA plans when the claims are for equitable relief under § 1132(a)(3) or for equitable estoppel. *E.g., Jensen v. Solvay Chems., Inc.*, 520 F. Supp. 2d 1349, 1355 (D. Wyo. 2007) ("Case law does not constrain discovery under ERISA § [1132](a)(3) actions."); *Vogel v. Anheuser Busch Companies, Inc.*, 2014 WL 3894497, at *1 (E.D. Mo. Aug. 8, 2014) ("Vogel is entitled to limited discovery regarding his claims for civil penalties and equitable estoppel"). This is so because these types of actions "do not benefit from the administrative process." *Jensen*, 520 F. Supp. 2d at 1355 (relating to § 1132(a)(3)). Thus, discovery on ERISA-related equitable claims is to be "governed under traditional federal, circuit, and local procedure." *Id.* at 1356.

Kostecki has brought two claims under § 1132(a)(3) and an equitable claim, which neither Defendant has sought to dismiss. In Count 3, Kostecki alleges that the Defendants failed timely to provide Kostecki a copy of the Summary Plan Description ("SPD"), in violation of 29 U.S.C. § 1024(b)(1), and that the SPD created is inadequate, in violation of 29 U.S.C. § 1022. (Complaint ¶ 26). In Count 4, Kostecki alleges that these and other actions constituted a breach of Defendants' fiduciary duties. (Complaint ¶¶ 34). In Count 5, Kostecki requests that the Court "equitably estop AB and Prudential from asserting that [Kostecki's] claim had to be submitted within 36 months" based on alleged misrepresentations and omissions made by the Defendants. (Complaint ¶ 46). For each claim, Kostecki seeks some form of equitable relief. These claims do not merely seek review of the Defendants' denial of Plan benefits. Instead, they are in a category of ERISA-related claims that warrants discovery outside the administrative record and in accordance with the scope of Fed. R. Civ. P. 26(b).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff Stephen Kostecki's Motion for Leave to Conduct Discovery, (ECF No. 17), is **GRANTED**.

Dated this 10th day of October, 2014.

/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE